IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARYANN SCHULTZ, *ET VIR.* | ) | |
| | ) | |
| v. | ) | NO. 2:02-CV-278 |
| | ) | |
| DIANE DAVIS, *ET AL.* | ) | |

### **O R D E R**

The plaintiffs' complaint is before the Court on the defendant, Evelyn Lindamood's, motion to dismiss based on the statute of limitations. [Doc. 48].

Plaintiffs allege they incurred injuries on August 7, 2002, while touring a home under construction, to which they had been taken by their realtor, Ms. Lindamood. Plaintiffs allege, that while touring the unfinished home, some wallboard fell on Mrs. Shultz, causing her injury.

Plaintiffs' claims against Ms. Lindamood were not raised until the filing of their fifth amended complaint on June 23, 2004. In Tennessee, the statute of limitations for personal injuries is one year after the cause of action has accrued. Obviously, more than twenty-two (22) months had passed at the time the plaintiffs filed their fifth amended complaint. However, the plaintiffs claim that the statute of limitations was tolled because they did not learn of Ms. Lindamood's alleged negligence until a May 27, 2004 discovery deposition, when they learned that Ms. Lindamood took the plaintiffs to the property, and

entered the home, without the permission of the owners or the agent of the owners. Other defendants in the case have alleged as a defense that the plaintiffs did not have permission to be on the property and that it was not foreseeable to them that the plaintiffs would be on the property. Thus, the issue of Ms. Lindamood's actions provides a potential complete defense to the defendant builders for the plaintiffs' injuries.

Ms. Lindamood claims that the discovery rule which would toll the statute of limitations is inapplicable, stating that the plaintiffs should have known of any claims they might have against Ms. Lindamood on August 7, 2002, when they were injured. To the extent the plaintiffs' theory of recovery against Ms. Lindamood is that she failed to warn them of a dangerous condition on the property, the defendant is correct; however, to the extent the plaintiffs' theory of recovery against Ms. Lindamood is based upon alleged tortious conduct by Ms. Lindawood in advising plaintiffs they had permission to enter the property, when in fact they did not, the plaintiffs were only apprised of this potential cause of action on May 27, 2004, when the plaintiffs first learned that Ms. Lindamood did not have permission to enter the premises.[1]

Under the discovery rule, the cause of action is only deemed to have been discovered "when the plaintiff knows that he or she has been injured and who caused the injury." *Cliffton v. Bass and Columbia Area Mental Health Center, Inc.*, 908 S.W. 2d 205

---

[1] The question of whether such an allegation states a valid cause of action against Ms. Lindawood under Tennessee law is not before the court at this time.

2

(Tenn. Ct. App. 1995). To the extent the plaintiffs have stated a cause of action against the realtor for advising them that she had obtained permission to visit the property, the plaintiffs could not have discovered that Ms. Lindamood **caused** their injuries in this manner until they learned that she was not permitted to enter the property.

Accordingly, the defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The plaintiffs' complaint against Ms. Lindamood is dismissed solely to the extent that it states a claim against Ms. Lindamood for her failure to warn the plaintiffs of known hazards present on the home site.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE