| | |
|---|---|
| MARY ANN SCHULTZ, *ET VIR.* ) ) ) | |
| v. ) | NO. 2:02-CV-278 |
| ) FRANK CARTER, *ET AL.* ) ) | |

# MEMORANDUM OPINION

The plaintiffs' personal injury complaint is before the Court on the motion to dismiss filed by the defendant, Smokey Mountain Materials, Inc., and the motion for summary judgment filed by the defendant, Frank Carter. [Docs. 72 and 74]. The defendants seek dismissal of the plaintiffs' complaint for, among other things, failure of the plaintiffs to bring their action against these defendants within the time permitted by the applicable statute of limitations.

## I. FACTUAL BACKGROUND:

The plaintiffs, Mary Ann Shultz and James Shultz, are residents of Massachusetts who, on August 7, 2000, while shopping for a residence to purchase, visited a house under construction at 140B Robinson Walk in Bristol,

Tennessee. On the morning of that date, plaintiffs visited the house with a realtor[1] and returned for a second visit that afternoon. During this second visit, Mary Ann Shultz was injured when sheetrock that was leaning against the wall fell on her. Neither plaintiff had noticed seeing the sheetrock that morning.[2]

The property was owned by the defendant, Frank R. Carter (Carter), who had acquired the property by deed dated April 15, 2002 and recorded on April 16, 2002 in the Office of the Register of Deeds for Sullivan County, Tennessee at Bristol in Deed Book 517, page 717. Carter was having a duplex constructed on the property and was doing some of the work on the duplex himself. A few days before August 7, 2002, Carter had placed an order with Builders First Source, Inc.[3] for sheetrock that was apparently delivered to the property by Smokey Mountain Materials, Inc. between the first and second visits of plaintiffs to the property on August 7, 2002. (See plaintiffs' Response to Carter's Motion for Summary Judgment, p. 4)

The plaintiffs' filed suit on September 23, 2002, against Diane Davis, who the plaintiffs alleged to be a general building contractor responsible for

---

[1] Evelyn Lindamood, the realtor, was originally a defendant in this action but was dismissed by order of this Court entered on February 17, 2005.

[2] Plaintiffs contend they did not touch the sheetrock and cannot explain why it fell.

[3] Builders First Source, Inc. was also a defendant in this action but was dismissed by order of this Court entered on July 20, 2004.

construction of the home.[4]  On November 4, 2002, prior to the filing of an answer by Diane Davis, the plaintiffs filed their first amended complaint, in which they added as a defendant Tim Carter, alleging that Mr. Carter was involved in the construction of the home, and was the owner of the real estate.  On January 17, 2003, the plaintiffs moved to amend their complaint to add additional parties, which motion was granted.  On February 28, 2003, the plaintiffs filed their second amended complaint in which it added as party defendants Starwood Properties, Inc.[5] and Builders First Source, Inc.  The plaintiffs alleged that Starwood Properties was owned by Tim Carter and was a corporation involved in the construction of the home in which Ms. Schultz was injured.  The plaintiffs alleged that Builders First Source, Inc. provided the drywall to the location where the plaintiff sustained her injuries.

On July 18, 2003, the plaintiffs once again sought to amend their complaint to add additional parties.  The Court permitted the plaintiffs to amend their complaint, and on August 8, 2003, the plaintiffs filed their third amended complaint, in which the plaintiffs named as an additional defendant, Smokey

---

[4] The defendant, Diane Davis, has filed a Chapter 7 Bankruptcy Petiton, and this action is currently stayed as to her. [Doc. 70].

[5] Tim Carter and Starwood Properties, Inc. were voluntarily dismissed by the plaintiffs, and an order of dismissal was entered on January 13, 2005 [Doc. 55].

3

Mountain Materials, Inc., alleging that Smokey Mountain Materials, Inc. supplied the drywall which fell on Ms. Schultz.[6] In its motion to file the third amended complaint, the plaintiffs simply represented that "there is a need to add an additional defendant, to wit: Smokey Mountain Materials, Inc." In the response to the motion to dismiss, the plaintiffs submit that this amendment was necessitated by an allegation made in the answer of Builders First Source, Inc., filed on July 10, 2003, in which Builders First Source, Inc. alleges that although it sold the drywall which is the subject of this action, Smokey Mountain Materials, Inc. was responsible for delivery of the materials. On February 2, 2004, the plaintiffs again moved to amend their complaint to add an additional party, Larry Carter. This motion was granted, and the plaintiffs filed their amended complaint on February 25, 2004.

On June 10, 2004, the plaintiffs once again sought to amend their complaint in order to correct the name of the defendant Larry Carter, indicating that his correct name is Frank Carter, and to add as an additional party, Evelyn Lindamood. Plaintiffs' motion was granted, and on June 23, 2004, the plaintiffs filed their fifth amended complaint. The plaintiffs have voluntarily dismissed as defendants, Tim

---

[6] The Court notes that despite the requirement of Local Rule 15.1 of the Local Rules for the United States District Court for the Eastern District of Tennessee that a party attach an original and one copy of the amendment to the motion seeking amendment, the plaintiffs failed to make any attachment to their motion.

4

Carter, Starwood Properties, Inc., and Builders First Source, Inc.

In the plaintiffs' motion to amend to add as a party Larry Carter, who later came to be named as Frank Carter, the plaintiffs indicate that the amendment is necessitated by the answers filed by Tim Carter, Starwood Properties, Inc. and Diane Davis. However, in the plaintiffs' response to the motion for summary judgment filed by Frank Carter, they indicate that there amendment was necessitated by the Rule 26(a)(1) disclosures of Tim Carter and Diane Davis in which they indicate that Frank Carter "had knowledge about the ownership of the property and the construction." Plaintiffs allege they only learned of Frank Carter's involvement in the construction in response to correspondence sent by their attorney to counsel for Davis and Tim Carter, requesting the identity of the contractor for the home.

It is undisputed that Frank Carter owned the real estate in which Ms. Schultz was injured on the date of her injury, and that his deed of ownership was recorded on April 16, 2002 in the Office of the Register of Deeds for Sullivan County, Tennessee at Bristol. It is further undisputed that Mr. Carter was doing some of the work on the building himself, but that he also hired other contractors and persons to work on the property.

5

## II. DISCUSSION

The parties agree that the statute of limitations applicable to this case is the one year statute of limitations found at *Tenn. Code Ann.* § 28-3-104 which provides:

> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:
> (1) . . . for injuries to the person . . .

Both Smokey Mountain Materials, Inc. and Frank Carter argue that the statute of limitations has run as to any claims which the plaintiffs might have against them, and therefore, the plaintiffs' complaint against them should be dismissed.[7]  As to both, the plaintiffs argue that the "discovery rule" is applicable, and that their complaints were filed against the respective defendants within one year of the plaintiffs' discovery of the right of action against these defendants.

Under the "discovery rule" the statute of limitations is tolled during the period when the plaintiff had no knowledge that a wrong had occurred, and as a reasonable person was not put on inquiry.  *Potts v. Celotex Corp.*, 796 S.W. 2d 678, 680-81 (Tenn. 1990).  The rule applies only in cases where the plaintiff does

---

[7] Frank Carter also argues entitlement to summary judgment on the basis that the plaintiff cannot establish that Carter had actual or constructive knowledge of the alleged dangerous condition. While the plaintiffs set forth no proof of Mr. Carter's actual constructive knowledge, the Court need not decide the case on that basis.

Case 2:02-cv-00278   Document 109   Filed 07/18/05   Page 6 of 9   PageID #: 87

not discover and reasonably could not be expected to discover that he had a right of action. *Id.* The plaintiffs "concede[ ] that they knew that there was an injury on August 7, 2002," but argue that the statute of limitations did not begin to run until they discovered the identity of the party that caused their injury. This argument has been rejected by the appellate courts. *IFC Nonwovens, Inc. v. Owens-Corning Fiberglass Corp.,* 1 F. 3d 1241, 1993 W.L. 272445 (6th Cir. 1993) (holding that "[i]t is immaterial that plaintiffs had not identified the defendant as the party who allegedly wronged them."); *See also Potts* at 680.

Here, obviously the plaintiff knew that she had been injured on August 7, 2002. Further, any reasonable person would have been put on notice in a premises liability case that the injury was likely the result of a breach of duty by the property owner. The owner of the property could easily have been discovered at the time of the injury by a simple visit to the Register of Deeds Office in Sullivan County, Tennessee.[8] Accordingly, the motion for summary judgment filed by Frank Carter will be **GRANTED**, as plaintiffs did not file their complaint against Mr. Carter until well after the expiration of the year following the plaintiffs' injury on August

---

[8] The plaintiffs argue that they only learned late in the case that Frank Carter was not only a property owner but also the general contractor, and that their statute of limitations as to Carter only began to run following their discovery that he served as his own contractor. In a premises liability action, the Court cannot see what relevance this distinction may have in establishing Mr. Carter's negligence. Nevertheless, this argument is contrary to the holdings of *DFC* and *Potts, supra*.

7

7, 2002.

Likewise, the plaintiffs should have been put on notice as of the date of Ms. Schultz's injury that her injury was likely caused by the improper stacking of the wallboard. Accordingly, the plaintiff should have known that she could have a cause of action against the party who delivered and stacked the wallboard, and should have sought to discover who that party was. It bears mention that the plaintiffs did discover that Smokey Mountain Material, Inc. was responsible for the delivery of the wallboard prior to the one year anniversary of the plaintiffs' injury. Nevertheless, the plaintiffs' amended complaint against Smokey Mountain Materials, Inc. was only filed on August 8, 2003, one year and one day after the date of the plaintiff's injury.

It is also of note that while Smokey Mountain Materials, Inc. suggests the plaintiffs were most likely relying upon the provisions of *Tenn Code Ann*. § 20-1-119 when they joined Smokey Mountain Materials, Inc. as a defendant, and submits that the provisions of § 20-1-119 are not applicable to this case, the plaintiffs have not responded to this argument, apparently conceding that the defendant's argument is indeed correct.

Likewise, the plaintiffs' argument that Smokey Mountain Materials, Inc. has waived its statute of limitations defense by not raising it in its answer is without

8

merit. Clearly, Rule 12(h)(2) of the *Federal Rules of Civil Procedure* provides that a motion to dismiss for failure to state a claim may be filed at any time. Accordingly, the Motion to Dismiss filed by Smokey Mountain Materials, Inc. will be **GRANTED**.

For the foregoing reasons, the plaintiffs' complaint against Frank Carter and Smokey Mountain Materials, Inc. will be **DISMISSED**.

An order consistent with this opinion shall enter.


ENTER:

                                        s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE