IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARY ANN SCHULTZ, *et vir.*            )
                                        )
v.                                      )         NO. 2:02-CV-278
                                        )
FRANK CARTER, *et al.*                  )

# **O R D E R**

This case is before the Court on the plaintiffs' motion to reconsider the Court's order granting the motion to dismiss of Smokey Mountain Materials, Inc. and Frank Carter's motion for summary judgment..

In their motion to reconsider, the plaintiffs argue that the Court has erroneously treated Smokey Mountain Materials' motion to dismiss as a Rule 56 motion, that the Court's ruling that the statute of limitations ran prior to a complaint being filed against either defendant is incorrect as a matter of law, and that the Court failed to consider the applicability of *Tenn. Code Ann.* § 20-1-119.

The plaintiffs are incorrect that the Court treated Smokey Mountain Materials' motion to dismiss as a motion for summary judgment, despite the motion having been considered in conjunction with the motion for summary judgment filed by Frank Carter, which also dealt with a statute of limitations issue. The Court relied upon the pleadings filed by the parties, including the amended complaints and motions to amend in

determining that the statute of limitations had run as to Smokey Mountain Materials prior to the filing of the defendant's complaint.

After careful review of the pleadings, the Court is of the opinion that there is no defect in the Court's finding that the statute of limitations had run prior to the filing of the plaintiffs' amended complaints which named as additional parties Frank Carter and Smokey Mountain Materials.

The statute of limitations having run as to the plaintiffs' claims against Frank Carter and Smokey Mountain Materials, the issue becomes whether the Tennessee "savings statute" applies, permitting the filing of plaintiffs' complaints against these defendants after the running of the one year statute of limitations. The plaintiffs argue that the Court failed to consider the applicability of the savings statute, *Tenn. Code Ann.* § 20-1-119. To the contrary, the Court noted in its opinion that, despite Smokey Mountain Materials having argued in anticipation of the plaintiffs' response to its motion to dismiss that the "savings statute" did not apply, the plaintiffs failed to argue that the "savings statute" was applicable.

In their motion to reconsider, the plaintiffs submit that they did not realize that the issue of the applicability of *Tenn. Code Ann.* § 20-1-119 was before the Court, or that counsel simply neglected to argue the applicability of the statute. The plaintiffs' argument that they did not realize that the issue was before the Court is without merit, since the burden is upon the plaintiffs to establish that the statute applies. Thus, to the extent that

the argument was not raised, it must have been through neglect. Regardless, the Court **FINDS** that the "savings statute", *Tenn Code Ann.* § 20-1-119, is not applicable to this case. *Tenn. Code Ann.* § 20-1-119 provides, in pertinent part, as follows:

> **20-1-119. Comparative fault – Joinder of third party defendants. –**
>
> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint . . . alleges in an answer or amended answer . . . that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, **and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section**, the plaintiff may, within ninety (90) days of filing of the first answer . . . [a]mend the complaint to add such person as a defendant . . . [or] . . . [i]nstitute a separate action against that person . . .
> (emphasis added).

The statute clearly provides that the additional 90 days for the filing of the complaint is only available where the statute of limitations has already run as to the defendant whom the plaintiff seeks to make a party. In this case, the plaintiffs clearly knew of the existence of Smokey Mountain Materials as a potential defendant on July 10, 2003 when an answer was filed identifying Smokey Mountain Materials as a supplier of the drywall which fell on Mrs. Schultz. The Court has previously held that the statute of limitations did not run in this case until August 7, 2003. Because the statute of limitations had not run at the time the plaintiffs discovered that they had a cause of action against Smokey Mountain Materials, plaintiffs cannot rely upon the "savings statute" under the

plain language of the statute.

Likewise, the plaintiffs cannot rely upon the application of the "savings statute" as to Frank Carter since the plaintiffs allege in their response to the motion for summary judgment that they did not learn that Frank Carter might potentially be a defendant in an answer, but learned about Frank Carter in the Rule 26(a)(1) disclosures of Tim Carter and Diane Davis. Further, as this Court has previously found, plaintiffs had every reason to know about Frank Carter, who was the owner of the property upon which the plaintiffs were injured prior to the filing of their initial complaint. It is clear to the Court that the purpose of the statute is not to permit a plaintiff to wait until fault is attributed to a known potential party until after the statute of limitation has run. *See Whittlesey v. Cole*, 142 F. 3d 340, 345 (6th Cir. 1998).

For the foregoing reasons, it is **ORDERED** that the plaintiffs' motion to reconsider is **DENIED**. [Doc. 111]. It is further **ORDERED** that the plaintiffs' motion for an extension of time to file a notice of appeal is **DENIED**, Rule 4 of the *Rules of Appellate Procedure* providing that the time for filing a notice of appeal only begins to run after the entry of the order disposing of the parties' motion to reconsider. [Doc. 115].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
